DUNCAN *v.* THE STATE.

SIMMONS, C. J. 1. The interstate commerce clause of the Federal constitution has no application to sales of goods in this State, when it appears that the same had been manufactured in another State, shipped in quantities to an agent of the manufacturer residing in Georgia, by him deposited in a warehouse, and from thence delivered on retail orders obtained by a traveling agent of the manufacturer. Emert *v.* Missouri, 156 U. S. 296, and authorities cited.

2. When one person travels through the country as an itinerant, exhibiting samples of goods and taking orders for goods of like character, and another follows in his wake delivering the goods thus sold, both should be regarded as peddlers when it appears that the business was thus conducted in pursuance of a scheme to evade the law of this State requiring peddlers to register and pay taxes.

3. Under the evidence in the present case, the county judge was warranted in finding that the accused was not protected by the above-mentioned clause of the constitution of the United States, and that he was a party to such a scheme as that indicated in the preceding

headnote. Accordingly, there was no error in refusing, on certiorari, to set aside the conviction of the accused.

*Judgment affirmed. All the Justices concurring, except Cobb, J., absent, and Lewis, J., disqualified.*

Argued March 21,—Decided April 11, 1898.

Certiorari. Before Judge Callaway. Greene superior court. February term, 1898.

The accusation on which the plaintiff in error was tried in the county court charges, that in Greene county, on the 16th and 17th of August, 1897, he unlawfully peddled clocks and carried on the business of a peddler of clocks, before registering his name and place of business with the ordinary of the county as required by law, and before paying the tax for the fiscal year 1897 to the tax-collector of that county as required by law. The testimony at the trial showed, that on August 13, 1897, a man other than defendant sold clocks in Greene county to various persons at the price of $9 per clock, to be paid for in instalments of $1. On the 16th of the same month defendant delivered the clocks, receiving from each of these buyers $1, and giving each of them a receipt written upon a blank form at the bottom of which was printed, " The L. B. Price Co., Kansas City, Mo." Blanks on this form were filled in with the name of the buyer as lessee, the article sold, the initials of the agent's name, the price paid, and the amount of each monthly payment. Upon the back was printed the following, among other things: "The conditions under which these goods are delivered are, that they shall not be removed from the place where they are delivered to customers until paid for in full, unless consented to by the L. B. Price Co. The agreement of the contract prohibits the customer from selling or disposing of the goods until paid for in full." It further appeared that the defendant received from the railroad agent at Greensboro, on the date of the delivery of the clocks to said buyers, two boxes which came to Greensboro from Atlanta and out of which cases the clocks so sold were taken and delivered. It appeared from the testimony of the tax-collector and the ordinary, that defendant had never paid the tax as a peddler of clocks in Greene county, and had no license to sell clocks therein, nor had he ever registered as a ped-

dler of clocks. Defendant stated, that he was not a peddler, but was a representative and in the employment of the L. B. Price Co., of Kansas City, Mo., which company had its factory and place of business in that city, whence all goods were shipped. It did a business of furnishing various household goods upon orders, and had agents in this and other States, who solicited orders. It had a warehouse in Atlanta, Ga., to which they shipped goods from Kansas City, Mo., as orders were given, and the articles sold were distributed over the State from the Atlanta warehouse. Defendant did not sell the sample clocks which were shown the purchasers. He had no interest whatever in the articles ordered, but delivered goods; was employed to deliver clocks which had been previously sold by another agent of the company. Defendant was found guilty and sentenced; whereupon he brought his petiton for certiorari, alleging that said finding was contrary to law and the evidence, contrary to the constitution of the United States and the laws regulating interstate commerce, and contrary to the laws of this State preserving the rights of citizens of other States to transact business in this State. The certiorari was overruled, and exception was taken.

*Lewis W. Thomas,* for plaintiff in error.
*H. G. Lewis, solicitor-general,* and *J. B. Park,* contra.