LEPS *v.* THE STATE.

1. An indictment which charges that the accused conducted the business of agent of "the Armour Packing Company, a packing-house," without having registered with the ordinary and paid the tax required by the statute, is not defective in failing to allege that the Armour Packing Company is a corporation.

2. On the trial of such an indictment it is not error to admit in evidence way-bills of cars loaded with packing-house products consigned to the packing company, the effect of this evidence, in connection with other evidence introduced by the State, being to show that the accused paid the freight on the goods loaded in the cars, had them stored in a warehouse of a packing company, and otherwise acted as its agent.

3. The evidence fully warranted the verdict; and the constitutionality of the law under which the accused was tried is conclusively settled by the decision of this court in the case of *Kehrer* v. *Stewart*, 117 *Ga.* 969.

Argued April 21, — Decided May 10, 1904.

Indictment for misdemeanor.    Before Judge Gober.    Fannin superior court.    January 22, 1904.

*Felder & Rountree* and *A. S. J. Hall*, for plaintiff in error.

*B. F. Simpson, solicitor-general*, and *H..B. Moss*, contra.

CANDLER, J.    Leps was indicted, as the agent of a packing-house, for failing to register with the ordinary and pay the special tax of $200 required by the general tax act of 1900, sec. 2, par. 19 (Acts 1900, pp. 25–26).    He demurred to the indictment, his demurrer was overruled, and he excepted pendente lite.    At the term at which his demurrer was filed he was tried and found guilty.    He made a motion for a new trial, which was granted, and at the fall term, 1903, of Fannin superior court, he was again tried and again convicted.    His second motion for a new trial was overruled; and this, as well as the overruling of his demurrer to the indictment, is assigned as error in the bill of exceptions brought to this court.

1. In passing upon the points raised by the demurrer it will not be necessary to set out either the charge made by the indictment or all the grounds of the demurrer.    At the time the demurrer was filed this court had not decided the case of *Kehrer* v. *Stewart*, 117 *Ga.* 969, which is controlling of the principal questions thereby made, and on the argument in this court those questions were abandoned.    The indictment alleges that the accused was "the individual agent of the Armour Packing Company, a

packing-house ;" and one ground of the demurrer attacks the indictment as being defective in that it contained no allegation that the Armour Packing Company was a corporation. This question is settled adversely to the contentions of the accused by the decision of this court in *Mattox* v. *State*, 115 *Ga.* 219. There the accused was charged with simple larceny, the indictment alleging that the property stolen was "the personal goods of the Acme Brewing Company." A demurrer to the indictment was filed, on the ground that "it did not set forth the ownership of the property alleged to have been stolen ; that the term Acme Brewing Company was not the name of an individual, and that it did not import either a partnership or a corporation." This court held that the demurrer was without merit, and in the opinion Mr. Justice Cobb said : "The indictment does not show by allegation whether [the Acme Brewing Company] is a corporation or partnership. The name is of a character which is more appropriate to a corporation than a partnership, though partnerships are sometimes formed under names which would be appropriate to corporations. The name being one more peculiarly suited to a corporation than a partnership, the presumption would be that it was the name of a corporation. The name itself imports a business corporation. When the name of a party to a suit is such as to import that the party is a corporation, there is a presumption to this effect, and this presumption prevails until the contrary is made to appear." See also the authorities cited to sustain the decision there made. Following this case, we hold that the ground of the demurrer noted presented no valid objection to the legal sufficiency of the indictment. We are equally clear that there is no merit in the other grounds of the demurrer, which set up in a general way that the allegations of the indictment are insufficient in law and do not charge any offense against the laws of Georgia. The act of the General Assembly on which the indictment was based makes it a misdemeanor for any person acting as the agent of a packing-house doing business in this State to fail to register with the ordinary, or, having registered, to fail to pay the tax therein prescribed. The indictment charges that the accused, on the 15th day of January, 1902, "did unlawfully, then and there being the . . agent of the Armour Packing Company, a packing-house, open up, carry on, and do business as such agent for said

Armour Packing Company, . . by receiving shipments of meats and lard from said packing-house," etc., " without first going before the ordinary of said county and registering his name as such agent, and without registering the business in which he proposed to engage, and without registering the place where such business was to be conducted, . . and without paying to the tax-collector of said county the taxes required by law of him . . as such agent, said taxes being due for the year 1902." The charge was clear and explicit, and gave the accused all the information to which he was entitled to enable him to make his defense or to protect him in the exercise of his rights under the law.

2. The motion for a new trial contained the general grounds that the verdict was contrary to law and the evidence; and also complained that the court erred in admitting in evidence certain way-bills offered by the State, which were identified by the agent of the railroad company at Blue Ridge, in Fannin county, as way-bills upon which cars loaded with packing-house products had been delivered to the accused. The motion sets forth at considerable length the objections made to this evidence, including an argument made to the court, giving reasons why it should have been rejected. At first glance it would appear that there was some force in this argument; but taking this evidence in connection with the other evidence offered by the State, we think it was admissible. These way-bills showed that the cars for which they were issued were consigned to the Armour Packing Company at Blue Ridge, Ga., and that they contained packing-house products. According to the testimony of the agent of the railroad company, the contents of these cars were delivered at a warehouse, in Blue Ridge, of the Armour Packing Company. When the goods contained in the cars were delivered at the warehouse mentioned, the accused paid the freight charges thereon and received the goods. These way-bills, with the entries thereon, were admissible for the purpose of explaining and throwing light on the act of the accused in receiving the goods, and to establish the contention that in so doing he was acting as the agent of the Armour Packing Company. It was in the nature of evidence of an admission of a fact which tended to show the agency of the accused. The fact that the paper was made out by the agent of the railroad company, and that it contained some immaterial statements, was no

reason for excluding it in its entirety.. The recital in the way-bill as to the lines of railroad over which the goods came could not, of course, bind the accused; but the fact that cars loaded with packing-house products and consigned to the Armour Packing Company were received by him, that he paid the freight thereon, unloaded the cars and placed their contents in a warehouse of the Armour Packing Company, were inculpatory circumstances which were properly submitted to the consideration of the jury. To the same effect, evidence was admitted without objection, showing that attached to a tub of lard bought from Leps was a tag containing the words: "From Armour Packing Company, Kansas City. Dressed beef, sausage, etc." A number of bills for packing-house products, made out to various persons and presented by Leps, were also introduced without objection, and the recitals in these bills also tended to show that Leps was the agent of the Armour Packing Company. We are clear that the railroad way-bills were admissible for the same purpose.

3. It will have been gathered from the foregoing that there was before the jury ample evidence to sustain their finding that in the performance of the acts disclosed by the evidence the accused was merely discharging his duties as the agent of the Armour Packing Company. That he failed to register with the ordinary and to pay the tax required by the statute was admitted. For an exhaustive discussion as to the constitutionality of that statute, see the able opinion of Chief Justice Simmons in *Kehrer* v. *Stewart*, 117 *Ga.* 969, cited supra.

*Judgment affirmed. All the Justices concur.*