## SMITH *v.* CLARK, sheriff.

1. In so far as the petition attacked the constitutionality of par. 21 of sec. 2 of the tax act of 1902, the case is controlled by the decision in *Kehrer* v. *Stewart*, 117 *Ga.* 969, 25 Sup. Ct. R. 403.
2. If, after the amendment striking the principal as a party plaintiff, the agent had any right to be heard as to the inequality in the operation of the act, the pleading set up no fact entitling him to relief.
3. The statute was uniform in its operation upon all persons coming within the terms of the act, and there was no suggestion of any facts whereby the petitioner was deprived of the equal protection of the laws.

Argued December 5, 1904. — Decided March 27, 1905.

Petition for injunction. Before Judge Hammond. Richmond superior court. October 20, 1904.

The original petition was by the Armour Packing Company and H. R. Smith against C. S. Bohler, tax-collector, and J. W. Clark, sheriff of Richmond county. An amendment struck the names of the Armour Packing Company and C. S. Bohler, tax-collector, as parties. It appeared that on January 11, 1904, C. S. Bohler, tax-collector of Richmond county, issued an execution against H. R. Smith for $200, as "the amount of specific tax due the State of Georgia for year 1904, for carrying on the business, in Richmond county, of agent of Armour Packing Company, a packing-house doing business in this State." It was prayed that the defendants be enjoined from levying this execution on property of the plaintiffs, and from causing the arrest and prosecution of H. R. Smith; and that paragraph 21 of section 2 of the general tax act for 1903 and 1904 (Acts of 1902, p. 24), be adjudged to be void. The tax provided for in that paragraph is: "Upon every individual agent or firm of agents of any packing-house doing business in this State, two hundred dollars in each county where said business is carried on." Section 4 of the act provides for registration by persons so taxed, and for payment of the tax, before they shall be authorized to carry on said business, and that any person failing to comply with this requirement shall be liable to indictment for misdemeanor, etc. The petition, after reciting these provisions, alleges: For the reason hereinafter set forth, Smith has not registered or paid the tax levied under said section. The Armour Packing Company shows that the business in which it is engaged in Kansas City, Missouri, is a meat-packing business.

A meat packing-house is a place where the business of slaughtering animals and dressing and preparing the products of their carcasses for food and other purposes is carried on.   The products thus prepared consist of fresh and cured meats, such as ham, bacon, lard, etc.   The Armour Packing Company does not anywhere in Georgia slaughter, dress, cure, pack or manufacture any products hereinbefore set forth, or any animals for food or for commercial use, or for other purposes.   After the animals are slaughtered, dressed and prepared for food and other commercial purposes in the packing-house in Kansas City, some of said products are shipped in bulk to certain cities in Georgia, where the said company has cold-storage plants and warehouses, and some of said products are sold from said cold-storage plants.   One of these cities is Augusta.   Other products of the packing-house are shipped into Georgia on orders from brokers, commission merchants, etc., said brokers and commission men taking orders in behalf of their customers and forwarding them to said company, and said products being shipped directly on said orders to the purchasers.   Said company has invested a large sum of money in Augusta to afford facilities to carry on its business, and Smith is employed in that city to conduct said business.   It has stored in Augusta a large quantity of the products of its packing-house.   It ships its packing-house products in original packages to various places throughout the United States, where it does business and has employees, consigned to itself at such places.   Said original packages are stored at said places in its stores and warehouses; and while some of said packages are opened and the contents sold and distributed by its employees at such places to its customers in the States in which its places of business are located, yet a large portion of its business consists in selling, to its customers, in other States than these, its goods contained in said original packages thus shipped from its place of business in Missouri and stored as aforesaid; and said original packages are reshipped, without being opened or in any way interfered with or changed, to such customers in other States.

To illustrate:   Original packages are shipped from its place of business in Missouri, consigned to it in Augusta, and there stored. Some of said packages are opened by its employees at Augusta and the contents sold to and distributed among its customers

34

in Georgia and elsewhere, while a large portion of said original packages are sold to its customers in South Carolina and re-shipped to them from Augusta, such packages not being opened, changed, or interfered with in any way, from the time they leave its place of business in Missouri until after the packages have been received by its customers in South Carolina. Said articles are shipped by freight and otherwise to said company in Augusta, securely packed and boxed, and some of said articles are delivered in the original packages to customers of said company in Augusta and other points in the State of Georgia, while much of said company's products are reshipped in the original packages from Augusta to said company's customers residing in South Carolina. Indeed about half of the business done at Augusta by said company is done in South Carolina. At all other points in Georgia where said company has cold-storage plants and warehouses, the products of its packing-house are shipped by freight and otherwise to said company in the original packages, and a portion of said products are sold and delivered to customers of said company in the original packages. All the products aforesaid are shipped into the State of Georgia for the mere purpose of sale, and not for reinvestment of the proceeds therefrom. Said proceeds, when collected from its customers in Georgia and in South Carolina, are deposited in local banks to the credit of said company at Kansas City, Missouri, and drawn out by it. At all of said points in Georgia said company sells by wholesale fresh, cured, and salt meats, and the products that have been manufactured from carcasses of slaughtered animals, and in said State it conducts no other kind of business. At said place of business in Augusta there are eleven employees, including Smith. He conducts said business under instructions received from said company at Kansas City, Missouri, the prices being fixed by said company, the credits being passed upon by it, the remittances being made to it, and he being clothed with no discretion whatever with respect to said business, but simply, in the line of his duty, acting as other employees at said office, according to orders received from said company. Each of said employees is simply a clerk or employee at Augusta, and neither Smith nor any of said clerks has any interest in said business or the proceeds therefrom, other than that of paid employees. On or about June 11, 1900, Smith accepted

employment with said company at Augusta, his employment being fixed for no definite term, the agreement being that he was to be paid at the rate of $141 per month for the time actually employed, and to be subject to be removed or discharged at the option of said company. Since that date he has been employed by said company at Augusta as its manager, and hopes to be so employed during the year 1904. He refused to pay the tax in question, and Clark, sheriff, threatens to levy upon and seize sufficient of the petitioners' property to make the amount of the execution referred to, and notified Smith that unless he would pay said tax and register as provided in said tax act, he (the sheriff) would cause the arrest and prosecution of petitioner Smith as for a misdemeanor. It is alleged, that the issuance of said execution and the threatened proceedings are without authority of law, and are null and void; that said claim of $200, with interest and cost, against petitioner, is no lawful claim; that petitioners owe no such tax, and there is no valid law requiring petitioner to pay it; that said act of the legislature is void, inasmuch as it is violative of the constitution of the State of Georgia and of the constitution and statutes of the United States.

The petition then alleges: There are packing-houses in Georgia engaged, as is the petitioner, in slaughtering animals and preparing the products of their carcasses for food and other purposes. All of said packing-houses engaged, as is the Armour Packing Company, in manufacturing said products within the State of Georgia, after said products are ready for commercial purposes, instead of disposing of said products through agents, sell the same directly to the customers in competition with the products of the Armour Packing Company. Said packing-houses doing business in the State of Georgia are not amenable to the imposed tax of $200 per annum, for the reason that they do not sell their products through agents. T. R. Sawtell, of Fulton county in said State, is the owner and proprietor of a large packing-house where animals are slaughtered and the products prepared for commercial use, and are shipped and sold by him at all points in the State of Georgia, including Augusta, in competition with the products of the packing-house of the Armour Packing Company. He conducts in his own name a market at two places in Fulton county, where the products of the packing-house are sold at wholesale

and retail, and he has a stockyard in that county. All of said products are sold in competition with the products of the packing-house of the Armour Packing Company at Kansas City, Missouri, and Sawtell is exempt by statute from the payment of the imposed tax. At every point in Georgia, including Augusta, where the products of the Armour Packing Company are offered for sale or sold, the products of Sawtell and all other packing-houses are sold directly to consumers through commission merchants and brokers, in competition with the products of the Armour Packing Company, and said commission merchants and brokers are exempt from the tax imposed under said paragraph of the tax act. It is alleged that said paragraph is obnoxious to the constitution of Georgia, which · declares that all taxes shall be uniform upon the same class of subjects, and ad valorem upon all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; because packing-houses doing business in Georgia directly with the consumers of their products and not through agents, but through brokers and commission merchants, are not amenable to the imposed tax; that said paragraph of the tax act is repugnant to the fourteenth amendment of the constitution of the United States; that the fact that the tax is imposed on the plaintiffs while their competitors are exempt is a denial to plaintiffs of the equal protection of the laws; that it is arbitrary class legislation; and that it is violative of the constitution and statutes of the United States which regulate interstate commerce, because the burden of the tax is not alone upon intrastate commerce, but upon interstate commerce, and the act makes no division in the tax between intrastate and interstate commerce.

The court sustained a general demurrer to the petition, and refused the injunction. Smith excepted.

*C. E. Dunbar* and *Felder & Rountree*, for plaintiff. *J. S. Reynolds, solicitor-general*, and *Salem Dutcher*, for defendant.

LAMAR, J. Smith as an agent of a packing-house was engaged at the same time in two classes of business, one taxable, the other non-taxable. The State statute could not operate to impose a tax upon him for the interstate business, and the interstate clause of the constitution of the United States did not operate to relieve

him from liability for tax on the intrastate business. On this branch of the case allegations of the petition were substantially the same as those passed upon in *Kehrer* v. *Stewart*, 117 *Ga.* 969, 25 Sup. Ct. R. 403. It affirmatively appears that meats stored in the warehouse in Augusta were sold in large quantities to customers in Georgia. This was intrastate business, and when he engaged therein Smith became subject to the tax imposed by par. 21 of sec. 2 of the tax act of 1902. He could not relieve himself of this liability because he also sold goods to customers in South Carolina.

In the petition as originally drafted there was complaint that Sawtell, who was a competitor of the Armour Packing Company, was exempt from this tax, because he sold directly to customers, commission merchants, or brokers. As the petition is framed, most, if not all, of these allegations as to discrimination and inequality probably went out of the case when the Armour Company was stricken as a party. Smith, the agent, had no right to litigate that question for his principal, the Armour Company. But assuming that after the amendment there was enough left to authorize Smith to be heard on that branch of the case, his allegations do not entitle him to relief from the tax assessed by a valid and constitutional act of the General Assembly. The statute makes no discrimination between resident and non-resident agents. It imposes no burden upon one that is not imposed upon all others similarly situated, but acts uniformly upon all persons coming within its terms. In the pleadings there is not the remotest suggestion of " any evil or discriminating administration," whereby he is deprived of the equal protection of the law. Williams *v.* Mississippi, 170 U. S. R. 222, 225.

*Judgment affirmed.     All the Justices concur.*