RALEY & BROTHERS *et al. v.* RICHARDSON, tax-collector, *et al.*

1. Where resident brokers, salesmen, or commission merchants represent principals wholly outside of the State and some wholly within the State, and on the business done within the State the salesmen and brokers obtain orders from principals within the State, and the goods so purchased are delivered by the principals in the State directly to the purchaser within the State, and the principals collect the price thereof from the purchaser, such domestic or intrastate business is subject to a reasonable business tax imposed by the legislature.

2. The court did not err in refusing to enjoin the collection of the tax as against the plaintiffs in error named in Class B of the petition.

No. 3264. August 18, 1922.

Petition for injunction. Before Judge Ellis. Fulton superior court. April 26, 1922.

The general tax act of 1921 (Acts 1921, p. 46, par. 30) contains the following: "Every person, firm, or corporation doing business in this State, who receives or distributes provisions or merchandise, including flour, hay, grain, coal, coke, lumber, brick, or any other article of merchandise shipped to such person, firm, or corporation for distribution on account of the shipper, or who

participates in the profits ensuing from or growing out of the sales of such provisions or merchandise as above described, or who invoices such sales, or who collects money therefor, shall be deemed a broker. Every person, firm, or corporation buying or selling for another any kind of merchandise on commission shall be a commission merchant. Every person, firm, or corporation shall pay, for the privilege of transacting the business of a commission. merchant or broker in merchandise, $100.00."

William D. Harwell and others filed an equitable petition to enjoin the enforcement of the above portion of the general tax act, on the ground that it is unconstitutional and void. The plaintiffs in this case divide themselves into two classes, to wit, Class A and Class B. William D. Harwell, W. S. Rogers, and J. W. Russell and others, are in Class A; and J. E. Raley & Brothers, H. S. Prater & Company and others, in Class B, bring the present petition for injunction and relief against W. S. Richardson, tax-collector of Fulton County, and William A. Wright comptroller-general of the State of Georgia. It is alleged that Class A is composed of individuals and firms who represent non-resident persons, firms, or corporations, and who solicit orders for goods from jobbers or wholesale dealers in Atlanta, Georgia, and when the orders are obtained they are sent directly to their non-resident principal or principals. If the order is accepted, the goods are shipped by the non-resident principal or principals to the local jobber or wholesale dealer. Up to the time of the sale the goods in all instances belong to the non-resident principal or principals, and are shipped to the State of Georgia from other States. In making sales or soliciting orders for the goods complainants in Class A sometimes exhibit samples to the local jobber or wholesale dealer, and sometimes take orders without showing a sample. Unless complainants have been previously authorized to sell at a fixed price, the orders are taken subject to acceptance or rejection by such non-resident principal or principals for goods previously sold and on accepted orders. Plaintiffs in Class A do not represent any local jobber or dealer or resident of Georgia; nor do they represent, or assume to represent, any resident of Georgia, or negotiate any sales of goods for residents of Georgia. Their principals are all residents of other States in the United States, and the goods sold are shipped by such

principals from other States to the State of Georgia for delivery to buyers who reside in Georgia. Plaintiffs in Class A have an office in Atlanta, Georgia, and other places in the State, where they keep samples, stationery, and other articles, but they travel around on foot daily, or frequently, in soliciting orders for goods.

Class B are those individuals or firms who are representatives of both non-resident and domestic persons, firms, or corporations. Plaintiffs in Class B solicit orders for goods from jobbers or whole-sale dealers in Atlanta, Georgia, and in other places in Georgia, and have their offices in Atlanta, Georgia, and other places in Georgia; and when such orders are obtained they are sent either to their non-resident or resident principals, the non-resident principals being the houses, firms, or corporations wholly outside of the State of Georgia, and the domestic principals are resident firms, or corporations within the limits of the State of Georgia. If an order is accepted, the goods are shipped by such non-resident or resident principal to the local jobber or wholesale dealer, and up to the time of the sale the goods in all instances belong to the principal. In making sales or soliciting orders for the goods, the complainants sometimes exhibit samples to the local jobber or wholesale dealer, and sometimes take orders without showing samples. Unless complainants have been previously authorized by the principal to sell at a fixed price, the orders are taken subject to acceptance or rejection by such principal who owns the goods. All orders received for goods belonging to principals living outside of the State of Georgia are sent directly to the principal, and the goods are shipped into the State of Georgia by the non-resident principal and belong to the non-resident principal until paid for by the purchaser. Complainants in Class B are paid a commission by such principals for goods previously sold on accepted orders. Plaintiffs in Class B do not represent any local jobber or dealer; nor do they represent or hold themselves out as representing any residents of Georgia, except those specific houses, firms, or corporations which they call their principals. A very large percentage of their principals are residents of other States of the United States, and the goods sold are shipped to the State of Georgia from such other States by such principals for delivery to the buyers who reside in Georgia. These complainants have offices in Atlanta, Georgia, and other places in said State, where they keep samples,

etc., and they travel on foot daily or frequently in drumming or soliciting orders for goods, as above stated. Their principals are specific parties, firms, or corporations. They do not represent the public in general, or negotiate or sell for any residents of Georgia, except those specific houses, firms, or corporations which are their principals. If plaintiffs receive an order for goods which are handled by their non-resident principals, the order is sent directly to the non-resident principal; and if they receive an order for goods for their resident principals, such order is sent directly to the resident principal. Plaintiffs are all residents of the State of Georgia and Fulton County, and are doing a commission business therein. They bring this petition in behalf of themselves and of such others similarly situated, also all others as may choose to come in and join herein, and pray that all such persons may have leave accordingly. Plaintiffs allege that the defendants are attempting to collect from plaintiffs, and from every other person similarly situated in the State of Georgia, a license tax of $100; and that W. S. Richardson, one of the defendants, has addressed to plaintiffs and others similarly situated the following notice: " Your special State tax for 1922 as merchandise brokers, amounting to $100.00, is past due. It is very important that you attend to this at once, as I am compelled to make report of same to the comptroller-general. The penalty for not paying this tax is extremely severe. " That the defendants claim the right to collect the license tax under the 30th paragraph of the second action of the general tax act of 1921, supra. Plaintiffs in both classes allege that the act is unconstitutional and void as being in violation of art. 1, sec. 8, clause 3, of the constitution of the United States, which gives to Congress the sole right to regulate trade between the States. Plaintiffs in Class B allege that the act is void as to them, should it be declared to be void as to the plaintiffs in Class A, for the reason that the result of the application of the act as to complainants in Class B would be discriminatory against plaintiffs in Class B and in favor of plaintiffs in Class A, etc. It is also alleged that the act is unconstitutional as in violation of art. 7, sec. 2, par. 1, of the constitution of the State of Georgia (Civil Code of 1910, § 6553), which says that all taxation shall be uniform upon the same class of subjects, etc. They allege that should the act not apply to resident

salesmen representing non-resident principals, it would be dis-
criminatory and arbitrary, and unreasonable to cause plaintiffs in
Class B to pay the license. There were other allegations in the
petition, which it is not necessary to set out. The prayer was
that the defendants be enjoined from proceeding against plaintiffs
for failure to pay said tax; or from in any way interfering with
plaintiffs and persons similarly situated, in the conduct of their
business, because of their failure to pay the tax.

A general demurrer to the petition was filed; and the case by
agreement was heard by the trial judge without a jury, on the
petition and general demurrer. The judge sustained the demurrer
as to Class B, and held that Class B was subject to the tax; but
held that Class A was not subject, and made the injunction per-
manent as to Class A. To this ruling the plaintiffs within Class
B excepted.

*E. B. Weatherly,* for plaintiffs.

*George M. Napier, attorney-general, Seward M. Smith, assistant
attorney-general,* and *Frank Carter,* contra.

HILL, J. (After stating the foregoing facts.) It is insisted
by the plaintiffs who come within Class B, and whose business was
partly interstate and partly intrastate, that the judgment of the
court below dissolving the injunction as to them was error, for
the reason that the imposition of a license tax against brokers who
represent non-resident principals is a tax on interstate business,
and is therefore void. It is argued that the tax act under review
is directed against all "merchandise brokers" residing within the
State of Georgia, whether they represent exclusively non-resident
principals, or whether they represent both non-resident and resident
principals; and that the plaintiffs in error in Class B represent
both non-resident and resident brokers, and that the tax is against
all the business which plaintiffs do, and that the act does not
distinguish between business done for non-resident principals and
that done for resident principals. Therefore it is argued that the
license tax by the State on that part of plaintiffs' business which
is done for non-resident principals is a tax on interstate commerce,
and therefore void, although they do represent some resident prin-
cipals.

In the case of *Kehrer* v. *Stewart,* 117 *Ga.* 969 (44 S. E. 854),
it was held: "One who is subject to a specific occupation tax by

reason of his conducting, for another, a domestic business within this State, is not rendered exempt from such tax because he also conducts for the same principal other business which is not subject to State taxation." In delivering the opinion of the court in that case Chief Justice Simmons said: " Where property has been brought into a State and has become itself subject to taxation therein, its sale in such State is not commerce between the States, but is purely intrastate. ' While it is exclusively the province of Congress to regulate commerce between the several States, and to protect the same from hostile State legislation, yet when products are shipped from one State and lodged in another, there to be offered for sale in open market, the business of selling them there is no longer interstate commerce, but assumes a domestic character and becomes subject to the laws of taxation of force in the State where such business is pursued. The property involved in the conduct of this business, having become intermingled with the general mass of property in this State, has itself become subject to taxation there; and, upon principle, the business of selling it is alike taxable in that jurisdiction.' *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114, 122. Coal shipped from Pennsylvania to New Orleans and there put up for sale ' had come to its place of rest, for final disposal or use, and was a commodity in the market of New Orleans. It might continue in that condition for a year or two years, or only for a day. It had become part of the general mass of property in the State, and as such it was taxable.' Such a tax, when not discriminating against goods the product of other States, is not a regulation of interstate commerce. Brown *v.* Houston, 114 U. S. 622. See also Emert *v.* Missouri, 156 U. S. 296. . . When goods are brought from one State into another to be offered for sale, and are commingled with the property of the latter, their sale is not interstate commerce, and the power of the Federal government protects them only to the extent of preventing discriminating State legislation which imposes burdens on such goods because of their origin. The statute here involved does not make any discrimination against packing-house products brought in from other States, but imposes the tax upon all agents of packing-houses, foreign or domestic, doing business in this State, whether they deal in products of this or of other States. Petitioner, as managing agent, is conducting two kinds

of business. One of these has to do with interstate commerce, and can not be taxed by the State; the other is domestic, and is subject to State taxation." The *Kehrer* case was taken to the Supreme Court of the United States, and the judgment of the Supreme Court of Georgia was there affirmed. Kehrer *v.* Stewart, 197 U. S. 60 (25 Sup. Ct. 403, 49 L. ed. 663). See also *Duncan* v. *State,* 105 *Ga.* 457 (30 S. E. 755).

The principle ruled in the *Kehrer* case was followed in *Smith* v. *Clark,* 122 *Ga.* 528 (50 S. E. 480). Mr. Justice Lamar, in delivering the opinion of the court in that case, said: " Smith as agent of a packing-house was engaged at the same time in two classes of business, one taxable, the other non-taxable. The State statute could not operate to impose a tax upon him for the interstate business, and the interstate clause of the constitution of the United States did not operate to relieve him from liability for tax on the intrastate business. On this branch of the case allegations of the petition were substantially the same as those passed upon in *Kehrer* v. *Stewart,* 117 *Ga.* 969, 25 Sup. Ct. R. 403. It affirmatively appears that meat stored in the warehouse in Augusta was sold in large quantities to customers in Georgia. This was intrastate business, and when he engaged therein Smith became subject to the tax imposed by paragraph 21, section 2, of the tax act of 1902. He could not relieve himself of this liability because he also sold goods to customers in South Carolina. . . The statute makes no discrimination between resident and non-resident agents. It imposes no burden upon one that is not imposed upon all others similarly situated, but acts uniformly upon all persons coming within its terms."

The tax act of 1921 (sec. 2, par. 30) places the tax upon all those coming within its provisions, and taxes both residents and non-residents alike who are doing an intrastate business. Therefore we are of the opinion that there is no unjust discrimination against the plaintiffs. Nor does it deny them the equal protection of the laws. Kehrer *v.* Stewart, 197 U. S. 60, 61 (supra). The State has authority to place a tax on all businesses within the State, and this is doubtless what the legislature intended by the tax act of 1921. The petition in the present case, with reference to Class B, admits that the plaintiffs are doing an intrastate or domestic business; and taking that to be true on demurrer, we

think that the imposition of the tax on those coming within Class B is legal.

From the foregoing authorities we are of the opinion that if goods are shipped into Georgia by a non-resident and are not sold when shipped into the State, but are stored and afterwards sold; or if goods are purchased by the brokers within the State and sold within the State, in either event this is intrastate, or domestic, business, and is subject to the tax which the legislature has imposed by the act of 1921, and that the legislature did not intend to impose a tax or burden upon interstate business, over which subject Congress alone has jurisdiction. Art. 1, sec. 8, par. 3, Constitution United States (Civil Code, 1910, § 6644).

It will be noted in this connection that plaintiffs cite the case of Stockard v. Morgan, 185 U. S. 27 (22 Sup. Ct. 576, 46 L. ed. 785), the first headnote of which is as follows: " Giving to the statute of Tennessee the same meaning that was given it by the Supreme Court of that State, which this court is bound to do, it is held that it violates the interstate commerce clause of the constitution of the United States."

From the foregoing we reach the conclusion that the court did not err in granting the injunction, so far as it related purely to interstate business; and that he did not err also in refusing to enjoin the collection of the tax on business which was purely domestic or intrastate.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent, and Hines, J., disqualified.*