CITY OF ATLANTA *et al.* v. FREEDOM OIL WORKS COMPANY.

ATKINSON, Presiding Justice. 1. Where a proprietor contracts to sell goods located in one State, to be delivered in another State, the transaction assumes the character of commerce between the States. And the contract involving successive deliveries as ordered by the purchaser, through a stated period of time, if the seller in order to facilitate the deliveries contracts on his own account with a warehouse company to receive and keep the goods on storage in the State of delivery, and make deliveries to the purchasers in original packages during the period limited in the contract of purchase, such contract is incidental to the contract of sale and assumes its character as to commerce between the

States. And if the seller makes deliveries of the goods, in the manner indicated, through instrumentality of the warehouse company, he does not thereby become subject to municipal requirements of a license to carry on business in the city where the warehouse company is located.

(a) The foregoing is applicable to the allegations of fact in this case, and accords with principles stated and applied in *Dennison Manufacturing Co.* v. *Wright*, 156 *Ga.* 789 (120 S. E. 120) ; York Manufacturing Co. *v.* Colley, 247 U. S. 21 (38 Sup. Ct. 430, 62 L. ed. 963) ; Dozier *v.* Alabama, 218 U. S. 124 (30 Sup. Ct. 649, 54 L. ed. 965) ; *Kehrer* v. *Stewart*, 117 *Ga.* 969 (3) (44 S. E. 854).

(b) The above ruling does not conflict with Chattanooga National Building and Loan Association *v.* Denson, 189 U. S. 408 (23 Sup. Ct. 630, 47 L. ed. 870), Gregg Dyeing Co. *v.* Query, 286 U. S. 472 (52 Sup. Ct. 631, 76 L. ed. 1232), Edelman *v.* Boeing Air Transport Inc., 289 U. S. 249 (53 Sup. Ct. 591, 77 L. ed. 1155), American Airways Inc. *v.* Wallace, 57 Fed. (2d) 877, and other cases decided in this State and other jurisdictions, cited for the plaintiffs in error, which did not deal with the exact question now decided.

2. The petition alleged a cause of action, and the court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 12681. JUNE 14, 1939.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiff in error.

*John M. Slaton* and *James J. Slaton,* contra.