CRUMP, tax-collector, *et al. v.* McCORD *et al.; et vice versa.*

1. A sale to a customer in this State, by a salesman or commission merchant resident in this State, of goods which are in another State, belonging to and to be delivered by the non-resident seller, for shipment directly to the buyer, is interstate commerce.

2. A business or occupation tax or charge for a license to sell goods is in effect a tax on the goods themselves.

3. Where a salesman or commission merchant in this State, acting as agent of a principal residing in another State, solicits and takes orders for goods for a prospective purchaser in this State, and tenders such order to the principal in another State, who ships the goods directly to the

purchaser in this State in the original package, and receives from the purchaser in this State the price of the goods,. such salesman or commission merchant is engaged in interstate commerce; and such business can not be taxed as being a burden on interstate commerce.

4. The court did not err in enjoining the collection of the tax against those named in Classes A and B, set out in the petition.

5. Where resident brokers, salesmen, or commission merchants represent principals wholly outside of the State and some wholly within the State, and on the business done within the State the salesmen and brokers obtain orders from principals within the State, and the goods so purchased are delivered by the principals in the State directly to the purchaser within the State, and the principals collect the price thereof from the purchaser, such brokers, etc., doing a domestic or intrastate business, are subject to a reasonable business tax imposed by the legislature. .The court did not err in refusing to enjoin the collection of the tax as against the plaintiffs in error named in Class C of the petition.

Nos. 3152, 3153. AUGUST 18, 1922.

Injunction. Before Judge Malcolm D. Jones. Bibb superior court. February 25, 1922.

George C. Spangler and others filed an equitable petition for injunction and other relief against J. D. Crump, tax-collector of Bibb County, Georgia, and William A. Wright, comptroller-general of the State of Georgia. The petition alleged the following: Petitioners are divided into three classes, to wit, Class A, Class B, and Class C. Georgie C. Spangler, C. C. McCall, and others are in Class A. C. R. McCord, H. R. Stroemer, and others are in Class B. Middlebrooks Brothers and others are in Class C. The petition alleges that Class A is composed of traveling salesmen who represent exclusively mercantile houses or connections outside of the State of Georgia, and who travel as salesmen for their non-resident employers and receive for their services a certain commission on the sale of goods or commodities. All orders taken by the salesmen in Class A are sent to their respective non-resident employers, and the goods are shipped out by the non-resident employers directly to the purchaser. All bills are sent and collections made by the respective non-resident houses, except that in some cases, by virtue of the salemen's appreciation of their duties to their employers, they make collections in cases of delinquent purchasers and send in the receipts to such houses. Plaintiffs in this class have no other business than as traveling salesmen for one or more foreign houses. They do not buy any goods for resale in the State of Georgia, nor do they redistribute any goods

on their own account. They travel from one point to another and sell goods on commission for their non-resident employers.

The allegations with reference to Class B are similar to those made with reference to Class A, except that Class B are those resident salesmen or brokers or commission merchants who represent non-resident employers exclusively, and who take orders and transmit them to their respective houses for delivery by said houses to the purchaser. Like the allegations with reference to Class A, those in Class B do not have connections with any houses or firms whose situs is within the limits of the State of Georgia. They maintain offices and solicit orders by samples or by standard grades for their respective non-resident connections, etc.

The petitioners in Class C are resident brokers, salesmen, or commission merchants, who have both foreign and domestic connections. That is, they represent houses wholly outside of the State of Georgia, and some houses within the State of Georgia. They maintain offices or places of business at their respective domiciles, and solicit orders from Georgia purchasers, which orders are transmitted to their respective connections, both outside of the State of Georgia and within the State of Georgia, and they receive from their respective connections a small brokerage or commission, which is paid directly to petitioners by their respective connections. They do not buy goods on their own account to resell within the State of Georgia, nor do they deal in any business other than as brokers or commission merchants representing both foreign and domestic concerns, taking orders for goods either by samples or by standard grades, and transmitting the orders directly to said connections, where the goods are shipped directly from the seller to the Georgia seller. All collections are made by the seller from the purchaser; and plaintiffs have nothing to do with sending bills or making collections, except they, as a matter of accommodation, or it may be in some cases for compensation, will assist the seller in making collections from delinquent purchasers. They are simply resident salesmen, who represent houses located outside of the State of Georgia, and houses located within the State of Georgia, and who receive a small commission or brokerage as compensation for the sale of commodities, which commodities are delivered in the original packages to the purchaser by the salesmen. Plaintiffs are all residents of the

State of Georgia and doing a commission business therein. They bring this petition in behalf of themselves and of such others similarly situated as may come in and join herein, and pray that all such persons may have leave accordingly.

After hearing evidence substantially in accordance with the allegations of the petition, the court granted an injunction preventing the defendants from collecting the tax imposed by the 30th paragraph of the 2nd section of the general tax act of 1921, as to Classes A and B, on the ground that it is an interference with interstate commerce, over which Congress has exclusive control. To this order the defendants excepted. The court refused to enjoin the collection of the tax as to the plaintiffs in Class C; and to this ruling the plaintiffs took a cross-bill of exceptions.

*George M. Napier, attorney-general, Seward M. Smith, asst. atty.-gen.,* and *Crum & Jones,* for plaintiffs in error in main bill of exceptions.

*E. B. Weatherly,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. The court did not err in enjoining the collection of the license tax against those in Classes A and B, of the petition, as an illegal interference with interstate commerce, over which Congress alone has jurisdiction. The petition alleges facts to the effect that the plaintiffs in Classes A and B are engaged in interstate commerce, and could not be taxed by the State. The evidence on the trial of the case showed that the plaintiffs in classes A and B of the petition were paid a commission by their non-resident principals for goods previously sold and on accepted orders. In *Kehrer* v. *Stewart,* 117 *Ga.* 969 (44 S. E. 854), it was held: " A tax on the privilege of selling goods is, in effect, a tax on the goods themselves. . . One who in this State, as the agent of a principal residing in another State, takes orders of such principal for the purchase of goods held in such other State, and who, when the goods are shipped by the principal to him, receives them in this State and delivers them in the original packages to the customers from whom he obtained the orders, and upon delivery receives from them the price of the goods, is engaged in interstate commerce." In delivering the opinion of the court, Simmons, C. J., said: " It is well established and sound law that where the burden of a tax falls on the thing which is the subject of

taxation, the tax is to be regarded as laid on the thing rather than, on the individual who is charged with the duty of paying it into the treasury. Brown *v.* Maryland, 12 Wheat. 419. A tax or charge for a license to sell goods is, in effect, a tax on the goods themselves. Welton *v.* Missouri, 91 U. S. 275. A sale, to a customer in this State, of goods which are in another State, to be delivered to a common carrier for shipment to him, is interstate commerce. Following the recent case of Caldwell *v.* North Carolina, 23 Sup. Ct. 229, this court has held that ' One who in this State, as the representative of a principal residing in another State, takes orders on such principal for the purchase of goods held in such other State, and who, when the goods are shipped by his principal to him, receives them in this State, breaks the original packages in which they are contained, and distributes them among the customers from whom he obtained such orders, and upon delivery receives from them the price of the goods, is engaged in interstate commerce.' *Stone* v. *State,* this term, 117 *Ga.* 292, 43 S. E. 740. Under these rulings, by which we are bound, that part of Nelson Morris & Company's business which consisted in shipping goods to Atlanta to fill orders previously received, the goods being delivered in accordance with such orders, was interstate commerce. It was, therefore, not subject to taxation or interference by the State, and an act seeking to impose any tax upon such business would be unconstitutional and void. The occupation of the plaintiff in error as agent for the conduct of this part of the business is so closely and directly connected therewith that, in so far as the tax act seeks to tax him as such agent, the act is void." And see *Postal Tel. Co.* v. *Cordele,* 139 *Ga.* 126 (76 S. E. 744, Ann. Cas. 1914A, 984).

2. The plaintiffs who are embraced within Class C of the petition filed a cross-bill of exceptions, complaining of the refusal of the court to enjoin the collection of the tax levied against them. The court did not err in such refusal. This branch of the case is controlled by the principle ruled in the case of *Raley* v. *Richardson,* ante.

*Judgment affirmed on both main and cross-bill of exceptions. All the Justices concur, except Gilbert, J., absent.*