190 So. 88

**CURRY, Com'r of Revenue, et al. v. FELD et al.**

**6 Div. 515.**

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

John W. Lapsley, Counsel for the Department of Revenue, J. Edw. Thornton, Asst. Counsel, and W. J. Wynn and Jas. H. Willis, both of Birmingham, for appellants.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellees.

258

THOMAS, Justice.

The decree from which the appeal is taken granted the injunctive relief prayed and restrained and enjoined the respondent, City of Birmingham, from interfering in any way with the conduct of complainant's business and redelivered the property seized by the agent of the Commissioner of Revenue of the State of Alabama.

Among other things, the decree states the following:

"1: That the conduct of the business of the complainants as set forth in this cause be and same is hereby adjudged to be a bona fide engagement in interstate commerce.

"2: That so long as complainants conduct their business in such a way as to constitute bona fide transactions in interstate commerce as above described, the complainant Frederick Feld is not liable to the payment of a license tax to the City of Birmingham for and on account of such business, nor are the complainants liable

to the City of Birmingham or to the State of Alabama for the respective cigarette stamp taxes levied by said City of Birmingham, and the State of Alabama, under the Ordinance and Act herein described."

The decree of the circuit court further directed the twenty-one cartons of cigarettes seized to be redelivered or that the complainants be paid the alternate value thereof; and granted, as aforesaid, the injunction against the City of Birmingham and respondent Curry, as Commissioner of Revenue of the State of Alabama.

■ The facts in evidence are fully stated in the decree. The effect of the evidence and conclusions therefrom by the trial court are controverted by this appeal and sought for review. The evidence was given ore tenus before the trial court. Hodge v. Joy, 207 Ala. 198, 92 So. 171.

■ From the testimony, it was developed that, the Cigarette Sales Company is a partnership consisting of J. H. Wilson and his wife and that their place of business is their living quarters, their apartment, in Murphy, North Carolina. They do not manufacture cigarettes but merely take orders for them in other states. It does not appear that they sell cigarettes in North Carolina. This partnership has been doing business in Alabama since August 1937 and since that time has shipped roughly 5000 cartons of cigarettes into the State of Alabama. Though the orders for cigarettes solicited in Alabama are taken subject to approval by Cigarette Sales Company, they have never rejected any from Mr. Feld. The order blanks, etc., are furnished by the agent in the state and not by the Cigarette Sales Company and the orders are signed in blank orders except where the name "Cigarette Sales Company" has been stamped thereon by the agent in Alabama. The Cigarette Sales Company in North Carolina is paid for the cigarettes by the agent in Alabama, the company looking to the agent to guarantee payment for all the cigarettes. The customers do not pay the Cigarette Sales Company for cigarettes purchased, but pay the agent in Alabama upon delivery of the cigarettes to them in Alabama.

Though the purchaser of the cigarettes usually signs the order specifying a date for delivery, all of the orders attached to the cigarettes when seized were not found

to be signed. Furthermore, all of the cigarettes found in complainant Feld's possession were not for delivery on the date they were seized.

Neither the complainants Feld nor Wilson had any dealings with respondents Curry and Nelson concerning any "controversy" concerning the State Tobacco Tax. Testimony showed that H. R. Stone was not connected with the State Department of Revenue at the time of the trial, nor had the cigarettes been turned over to the resident agent of the Department of Revenue for the tobacco tax division. The only connection which the Department of Revenue might have with these cigarettes was shown by complainants' exhibit H, which is as follows:

"Received from Frederick Feld 21 ctns. 200ˢ assorted cigarettes detained under tobacco laws as suspected contraband.

"1—suit case & key
"1—ctn. Phillip Morris.
"1— "  Kool.
"1— "  Wings.
"7— "  Luckies.
"4— "  Camels.
"5— "  Chesterfields.
"1— "  Raleigh.
"1— "  Raleigh plain.
                "H. R. Stone
                "Agt—Dept. of Revenue.
"Q. And this number of cartons of each brand is properly enumerated by and signed by Stone as agent, is that right? ·A. Yes, sir."

The testimony in other particulars was substantially in conformity with the allegations of fact in the bill of complaint.

As we view the evidence and issues of fact presented by the pleading, all the sales in question were intrastate. The Alabama Tobacco Tax Act is a nondiscriminatory tax and if applied to interstate sales on cigarettes moving from another state of the Union into Alabama, this tax does not burden interstate commerce in violation of the Constitution of the United States. Federal Constitution, Article 1, § 8, U.S. C.A.; General Acts of Alabama, 1935, pp. 256, 530; Wiloil Corp. v. Pennsylvania, 294 U.S. 169, 55 S.Ct. 358, 79 L.Ed. 838; Western Livestock Union v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82

L.Ed. 823, 115 A.L.R. 944; County Board of Education v. State, Ala.Sup., 187 So. 414, 424;[1] Gwin, White & Prince v. Henneford, 305 U.S. 434, 59 S.Ct. 325, 83 L.Ed. 272; Postal Telegraph-Cable Co. v. Richmond, 249 U.S. 252, 39 S.Ct. 265, 63 L.Ed. 590; National Linen Service Corp. v. State Tax Commission, Ala.Sup., 186 So. 478;[2] Long et al. v. Sherrill Terminal Co. et al., 237 Ala. 166, 187 So. 412; Graybar Electric Co. v. Curry, ante, p. 116, 189 So. 186.

The foregoing is sufficient to indicate the error of the trial court, and it is unnecessary to consider the question presented by counsel in argument touching the duplication of taxes on interstate shipments and the rule of the later cases touching the phase of taxation by the state that "even interstate business must pay its way" by bearing its share of the tax burdens. Postal Telegraph-Cable Co. v. Richmond, supra; Gwin, White & Prince v. Henneford, supra.

The bill is without equity. It is stated that the state and its agencies cannot be enjoined from enforcing its revenue statutes nor in the collection of taxes thereunder. Crow, Tax Collector, v. Outlaw, 225 Ala. 656, 145 So. 133; City of Gadsden v. American National Bank, 225 Ala. 490, 144 So. 93.

It results from the foregoing that the judgment of the circuit court is reversed at the instance of John C. Curry, as Commissioner of Revenue for the State of Alabama, and J. A. Nelson, as Chief Clerk of Tobacco Tax Division of the Department of Revenue of the State of Alabama; and J. M. Jones, Jr., Eugene Connor and James W. Morgan, as Commissioners of the City of Birmingham; T. A. Riley, as Chief of Police of the City of Birmingham; and C. E. Armstrong, as City Comptroller of said city.

For the reasons above stated the bill is dismissed.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

[1] 237 Ala. 434.

[2] 237 Ala. 360.