198 So. 163

**STATE v. W. M. MEADOR & CO., Inc.**

**I Div. 372.**

Court of Appeals of Alabama.

June 25, 1940.

Rehearing Denied Aug. 6, 1940.

452

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellant.

Marion R. Vickers, of Mobile, for appellee.

RICE, Judge.

This was a suit by the State—unsuccessful in the court below—seeking to recover of defendant, appellee, the privilege license levied by Section 348, Schedule 29, of the Revenue Code of 1935. Gen.Acts Ala. 1935 pp. 256, 450.

The case was tried upon an agreed statement of facts, incorporated in the bill of exceptions sent up here.

·From this statement of facts, it is plain enough that appellee is a "merchandise·broker" within the meaning of the language of the above Schedule 29 of Section 348 of the Revenue Code of 1935. Stratford v. City Council of Montgomery, 110 Ala. 619, 20 So. 127.

Of course if it is a "merchandise broker" engaged solely in interstate commerce no license may be exacted of it by the State. Stratford v. City Council of Montgomery, supra; Stockard v. Morgan, 185 U.S. 27, 22 S.Ct. 576, 46 L.Ed. 785; Art. 1, Section 8, clause 3, Constitution of the United States. And our Revenue Code, above cited, will not be construed as undertaking to do so. Hill v. State, 27 Ala.App. 573, 176 So. 805, certiorari denied by Supreme Court in 235 Ala. 8, 176 So. 806.

But appellee, admittedly, was engaged as a "merchandise broker" in intrastate business, as well as in interstate business. And the law that governs, applicable in all respects under the facts agreed upon, is correctly epitomized in the second and third headnotes—fully supported by the opinion—to the report in 14 So. 588, of the case of Osborne v. State, 33 Fla. 162, 14 So. 588, 25 L.R.A. 120, 39 Am.St.Rep. 99, decided by the Supreme Court of Florida. They follow, to-wit:

"A state statute which imposes a tax, in general terms, on the doing of specified kinds of business, or the pursuit of designated occupations, in the state, and requires that a license shall be taken out before any such business or avocation shall be done or engaged in, should not be construed to apply to any business of the kind that may constitute interstate commerce, but only to business that is domestic or state commerce, and to persons engaged, or intending to engage, in such domestic or state business.

"Although interstate commerce cannot be taxed or regulated by state legislation, and the commerce clause of the federal constitution exempts all such commerce from regulation or taxation by state authority, yet the doing of business that constitutes interstate commerce, by a person who is also, at the same time, engaged in business of the same kind that constitutes state or local commerce, cannot be made a bar or exemption of the local or state commerce business from taxation or regulation by state authority."

And see, as confirming the matter quoted, F. R. Osborne, Plff. in Err., v. State of Florida, 164 U.S. 650, 17 S.Ct. 214, 215, 41 L.Ed. 586.

Approvingly, Mr. Justice Peckham, speaking for the Supreme Court of the United States, in the case last next above cited, said of the quoted matter under consideration: "The supreme court of Florida has construed the ninth section of this act, and has held in express terms that it does not apply to, or affect in any manner, the

454

business of this company, which is interstate in its character; that it applies to and affects only its business which is done within the state, or is, as is termed, 'local' in its character; and it has held that under that statute, so long as the express company confines its operations to express business that consists of interstate or foreign commerce, it is wholly exempt from the legislation in question. It has added, however, that under the provisions of the statute, if the company engage in business within the state of a local nature, as distinguished from an interstate or foreign kind of commerce, it becomes subject to the statute so far only as concerns its local business, notwithstanding it may at the same time engage in interstate or foreign commerce. In other words, this statute, as construed by the supreme court of Florida, does not exempt the express company from taxation upon its business which is solely within the state, even though at the same time the same company may do a business which is interstate in its character, and that as to the latter kind of business the statute does not apply to or affect it. As thus construed, we have no doubt as to the correctness of the decision that the act does not in any manner violate the federal constitution."

The above illustrates the situation here. And there appears no reason why the State should not recover the privilege license in question.

The judgment of the lower court is reversed; and one is here entered in favor of the State for the amount claimed.

Reversed and rendered.