**STATE v. STEIN.**

**1 Div. 122.**

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Dec. 12, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for petitioner.

Marion R. Vickers, of Mobile, for respondent.

THOMAS, Justice.

The certiorari seeks to review the action of the trial court and that of the Court of Appeals holding that the brokerage firm in question was not subject to the privilege license tax under the revenue laws of the state and the rules that obtain.

The preliminary statement should be made that the Court of Appeals affirmed the judgment of the Circuit Court of Mobile for the defendant in an action brought by the state for the privilege license levied by Section 348, Schedule 29 of the Revenue Code of 1935. General Acts 1935, pp. 256, 441, 450.

The case was tried upon an agreed statement of facts and judgment was rendered for the defendant from which action the appeal was taken. The statement of facts upon which the case was tried in the circuit court was incorporated by reference in the opinion of the Court of Appeals.

The Court of Appeals stated in its opinion that the facts in this case are identical with the facts in the case of State of Alabama v. W. M. Meador & Co., Inc., (Ex parte W. M. Meador & Co., Inc., In re Meador & Co., Inc., v. State of Alabama),

Ala.Sup., 198 So. 166,[1] except that Stein, the defendant in the circuit court, represented nonresident principals exclusively, while in the Meador case, supra, the appellee represented resident, as well as nonresident, principals.

Stating generally the effect of the agreed statement of facts, it will be noted that Stein has been engaged in the brokerage business in the City of Mobile since October, 1937, under the firm name or style of "Stein Brokerage Company, Merchandise Broker." Stein negotiated contracts with bona fide wholesale grocers, with certain definite principals, all of whom have their place of business without the State of Alabama. Stein represented only such principals as were satisfactory to him, and for his services received a commission based on the sale price of goods purchased, which said commission was remitted at the conclusion of each month for business done during that month by the said Stein in the City of Mobile, Alabama.

A further significant statement contained in the agreed statement of facts is: "If Defendant procures an order or orders for less than a carload lot of a commodity, on which the freight rate would be lessened by the shipment of a carload lot, the Defendant will send in an order for a carload shipment of the particular commodity and the carload will be shipped to the particular jobber who has the largest portion of such car, or to the Defendant. The defendant attempts to dispose of the unsold portion of the carload prior to the arrival of the shipment, and in the majority of cases, is able to do so. If an order is not procured for the unsold portion of the merchandise by the Defendant prior to its arrival, it will be stored by him and subsequently sold."

Stein's method of carrying on his business is more particularly described by a specific incident set forth in the statement of facts which the reporter of decisions will indicate in his statement of facts.

The Court of Appeals stated in its opinion that appellee was not engaged in business as a commission merchant or merchandise broker in the City of Mobile and is, therefore, "not liable for the license levied by Section 348, Schedule 29, of the Revenue Code of 1935, General Acts 1935, pages 256 and 450. To the contrary, this court concludes from said agreed facts

[1] Ante, p. 163.

that this appellee is engaged exclusively in interstate commerce only, and the exaction of a license under the above section would be in direct violation of Article 1, Section 8, Clause 3 of the Constitution of the United States, which prohibits the various states from interfering with interstate commerce."

It is insisted by the Attorney General that the holding of the Court of Appeals is a construction of the statute to the effect that (a) Stein is not a merchandise broker or commission merchant subject to the privilege license levied by Schedule 29; and that (b) the court is holding that though the schedule applies to Stein, nevertheless the Federal Constitution shields him from paying the privilege license levied on his competitors.

The position of the state's counsel, in which we concur, is that Stein is not engaged in interstate commerce, and if so, the nondiscriminatory privilege license tax upon him (the same license tax being imposed upon one doing intrastate business) is not inconsistent with the Commerce Clause of the Federal Constitution. Constitution of U. S. Art. I, § 8, clause 3. The two questions were considered in Curry v. Feld, 238 Ala. 255, 190 So. 88, and Graybar Electric Co. v. Curry, 238 Ala. 116, 189 So. 186, application denied and dismissed by the Supreme Court of the United States in 308 U.S. 513, 60 S.Ct. 139, 84 L.Ed. 437.

In the Graybar Electric Company case, supra, the opinion was written by Mr. Justice Knight. The electric company solicited orders for equipment direct from out-of-state manufacturers, who shipped the goods direct to the customer within the state. Payment was made by the customer to Graybar. Thus the Graybar Company occupied a closer relationship to out-of-state sellers than does Stein in the case at bar. However, this court and the Supreme Court of the United States have held that a privilege license imposed upon Graybar for doing business within the state was valid.

In the case at bar, Stein is completely disassociated from the out-of-state seller, does not accept payment for the merchandise, and is not able to bind them. Therefore, Stein is subject to a nondiscriminatory privilege tax required by the state, supra.

It should be said further of the case of Curry v. Feld, supra, that though this case was not passed upon by the Supreme Court of the United States (as was the Graybar Electric Company case, supra), yet the cases of Hinson v. Lott, 8 Wall. 148, 19 L. Ed. 367; Western Live Stock v. Bureau, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944; and McGoldrick v. Berwind-White Coal Mining Co., 308 U.S. 546, 60 S.Ct. 261, 84 L.Ed. 459, sustain the holding by this court in Curry v. Feld, supra.

In the last-cited case this court held that the Alabama Tobacco Tax Act, Gen.Acts 1935, pp. 441, 530, § 348, Schedule 159, is nondiscriminatory, and if applied to interstate sales moving from another state into Alabama, that the tax imposed does not burden interstate commerce in violation of the Constitution of the United States. Constitution of U. S. Article I, § 8, clause 3.

In the case of Hinson v. Lott, supra [8 Wall. 153, 19 L.Ed. 367], Mr. Justice Miller delivered the opinion for the court, and concluded with the following pertinent remarks: "As the effect of the act is such as we have described, and it institutes no legislation which discriminates against the products of sister States, but merely subjects them to the same rate of taxation which similar articles pay that are manufactured within the State, we do not see in it an attempt to regulate commerce, but an appropriate and legitimate exercise of the taxing power of the States."

The case of State v. Southern Natural Gas Corp., 233 Ala. 81, 170 So. 178, and that of Simonetti Bros. Produce, Co. v. Peter Fox Brewing Company, Ala.Sup., 197 So. 38,[1] dealt with the important question of "doing business within the State of Alabama by nonresident corporations" not having qualified to do business as required by the law that obtains in this jurisdiction.

The license for which the state now contends is a nondiscriminatory license imposed by the state. It is not invalid under the Commerce Clause of the Federal Constitution, supra.

It follows from the foregoing that the judgments rendered by the Circuit Court of Mobile and by the Court of Appeals are laid in error, and the petition for writ of certiorari is granted.

Writ granted.

All the Justices concur.

---

[1] Ante, p. 91.