71 So.2d 7

## LEIBOLD v. BROWN.
### 6 Div. 377.

Supreme Court of Alabama.

March 4, 1954.

Burr, McKamy, Moore & Tate, Birmingham, for appellant.

Si Garrett, Atty. Gen., H. Grady Tiller, Wm. H. Burton, Asst. Attys. Gen., for appellee.

356

PER CURIAM.

The question in this case is whether or not appellant as a commission merchant or merchandise broker is liable for a state license of $25 and a county license of $12.50, section 493, Title 51, Code, by reason of the interstate nature of his business.

Complainant (appellant) filed a bill for a declaratory judgment in that respect. Respondent (appellee), the state license inspector, demurred to the bill on the ground that it shows that complainant is not relieved of liability on account of the interstate nature of his business. The trial court sustained the demurrer and dismissed the bill, and complainant appealed.

The nature of appellant's business is thus expressed in the ninth paragraph of the bill:

"Complainant avers that he is not liable for the license claimed for any of the years and avers that the true facts as to his manner of doing business are as follows: Complainant is what is commonly known as a manufacturer's agent. As such agent, he represents a number of manufacturers whose places of business are located out of the state of Alabama; that complainant's entire business consists of soliciting and securing orders from customers in Alabama for the products manufactured by the out-of-state manufacturers whom complainant represents; that complainant secures an order from a customer in Alabama and transmits it, usually by United States mail but occasionally by telegraph or telephone, to the home office located outside the state of Alabama of the manufacturing company which sells such product. Such order when received by the home office is subject there to acceptance by the company. If the order is accepted by the company, shipment of the product is made by common carrier from a point outside the state to the purchaser in the state of Alabama, said shipment being made direct to purchaser, and not to complainant. Such purchaser remits payment for such merchandise directly to the company outside the state and complainant does not take any part or have anything to do with its collection.

"Upon the acceptance of such order, the company advises complainant that the same has been accepted and pays complainant a certain commission on such orders as are accepted. Complainant maintains an office in Birmingham and his name is listed in the telephone directory at such office. The office is maintained as a matter of headquarters and general convenience. No

stock of goods is carried there or elsewhere by complainant in the state of Alabama. No sales are concluded at such office or elsewhere in the state of Alabama. No books are kept by complainant, other than a memorandum nature, showing orders which have been transmitted to the various companies. The great majority of the orders secured by complainant are by personal solicitation, which are promptly transmitted to the home office of the particular company as above described; that an occasional order is telephoned to complainant's office and transcribed, but such orders are promptly forwarded to the home office of the particular company selling the product desired for acceptance or rejection. Complainant is without authority to close any sale, but his entire business consists of taking orders, forwarding them to the home office of the particular company, where they are accepted or rejected, and if accepted, complainant is paid a commission. Complainant does not pass on or determine the credit of any person from whom he secures orders, but such matters are determined by the home office; that complainant's manner of operation for each of the years involved was as set out hereinbefore.

"Complainant avers that his business consists entirely of interstate commerce and that under the holding of the Supreme Court of the United States, the imposition of the license claimed by the said Bradley G. Brown is unconstitutional and void."

The decisions of the United States Supreme Court have been careful not to sustain a state tax laid on interstate commerce, though it may sometimes approve a non-discriminatory tax which affects commerce. The decisions particularly here in point extend from Robbins v. Taxing District of Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694, to Best & Co. v. Maxwell, 311 U.S. 454, 61 S.Ct. 334, 85 L.Ed. 275; Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760; Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233, and Memphis Steam Laundry Cleaner, Inc., v. Stone, 342 U.S. 389, 72 S. Ct. 424, 96 L.Ed. 436. After the Robbins case the next one is Ficklen v. Taxing District of Shelby County, 145 U.S. 1, 12 S.Ct. 810, 812, 36 L.Ed. 601. In that case Chief Justice Fuller, for the court, stated the principle to be that: "Where a resident citizen engages in general business subject to a particular tax, the fact that the business done chances to consist, for the time being, wholly or partially in negotiating sales between resident and non-resident merchants of goods situated in another state does not necessarily involve the taxation of interstate commerce, forbidden by the constitution." It is also there stated: "What position they (plaintiffs in error) would have occupied if they had not undertaken to do a general commission business, and had taken out no license therefor, but had simply transacted business for nonresident principals, is an entirely different question, which does not arise upon this record." In the case of Crew Levick Co. v. Commonwealth of Pennsylvania, 245 U.S. 292, 38 S.Ct. 126, 62 L.Ed. 295, the court quoted with approval the above declarations of Chief Justice Fuller.

In our case of Stratford v. City Council of Montgomery, 110 Ala. 619, 20 So. 127, 128, a situation arose quite similar to the one in the instant case. The court, speaking through Chief Justice Brickell, distinguished the term "broker" from that of an "agent," referring particularly to a commercial broker, saying that "the idea of exclusiveness enters into an employment of agency, while with respect to brokers there is a holding out of one's self, generally, for employment in matters of 'trade, commerce, and navigation.' It is the business or calling of acting or offering to act, generally, as distinguished from isolated employments, not induced by or resulting from the general business or calling." It was further said that defendant (in that case) was a "commercial broker". He was a negotiator in the sale of goods for a "livelihood." Having determined that defendant was a broker, the opinion states that "The second inquiry is one of more difficulty.

* * * It is insisted that the ordinance of the city cannot be applied to such transactions without an invasion of the commerce clause. of the constitution of the United States." The opinion in the Stratford case then refers to the Robbins and Ficklen cases, supra, and notes that the case of Brennan v. City of Titusville, 153 U.S. 289, 14 S.Ct. 829, 38 L.Ed. 719, reviewed the Ficklen case, referring to the fact that in the Ficklen case (in which the broker was found to be taxable), the broker had obtained a license to engage in the general business and gave bond pursuant to the statute. "It was held, in effect, that, as the brokers had accepted the privilege of doing a general business,—local and otherwise,—the mere fact that their transactions were subsequently confined to interstate business was not a valid defense to a suit on the bonds." It then quoted the following: "What position they would have occupied if they had not undertaken to do a general commission business, and had taken out no license therefor, but had simply transacted business for nonresident principals, is an entirely different question, which does not arise on this record.". The opinion in the Stratford case then proceeded: "But that is this case. While, as we have shown, the business of the defendant was general, so as to constitute him a broker, it by no means follows that *it required he should also take local business*. He might, as he did, confine himself to interstate business, and still be a 'broker,' without becoming liable to the tax." Upon the authority of those cases and the Robbins case, supra, this court held that the broker there was not subject to the city tax.

There has been nothing to qualify the effect of that decision unless it is the case of State v. Stein, 240 Ala. 324, 199 So. 13, to which we will hereafter refer.

On the other hand, the extract which we quoted above from the Stratford case was also quoted by the Supreme Court of the United States in the case of Stockard v. Morgan, 185 U.S. 27, 22 S.Ct. 576, 580, 46

L.Ed. 785. That case was dealing with a situation very much like the one here involved and in the Stratford case, and the court observed: "That such a tax amounts to an invasion of the commerce clause of the Constitution of the United States is held in Stratford v. [City Council of] Montgomery, 110 Ala. 619, 20 So. 127, in a most satisfactory opinion by Chief Justice Brickell. In speaking of the tax under the Alabama statute, he said". (The opinion then proceeds to quote from that case what we have hereinabove copied.) Thereafter the opinion said: "The statute of Alabama is similar to the one in Tennessee (which was there under consideration), and the facts in the above case are almost identical with those agreed upon herein." To a like effect is the case of Crump v. McCord, 154 Ga. 147, 113 S.E. 534, see, also, 155 A.L.R. 249.

It was said in McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 60 S. Ct. 388, 398, 84 L.Ed. 565, that: "It is enough for present purposes that the rule of Robbins v. Taxing District of Shelby County, supra, has been narrowly limited to fixed-sum license taxes imposed on the business of soliciting orders for the purchase of goods to be shipped interstate."

Another line of cases considered by the Supreme Court of the United States and based on the Robbins case, supra, very clearly holds that one who goes from house to house or person to person and solicits and accepts orders for the purchase of goods to be sent in interstate transportation from an out-of-state principal of such solicitor direct to the customer within the state, who (customer) pays the price of the same directly to the principal, is engaged in interstate commerce and his business cannot be subject to a state tax. Real Silk Hosiery Mills v. City of Portland, 268 U.S. 325, 45 S.Ct. 525, 69 L.Ed. 982; Nippert v. City of Richmond, supra; Breard v. City of Alexandria, supra; Memphis Steam Laundry Cleaner, Inc., v. Stone, supra. Such a person acts as an agent, not a broker, as defined in the Stratford case, supra.

It also seems to be settled that a law or ordinance which taxes such interstate transaction cannot be sustained simply because it is non-discriminatory. Joseph v. Carter & Weekes Stevedoring Co., 330 U.S. 422, 67 S.Ct. 815, 91 L.Ed. 993; Nippert v. City of Richmond, supra; Spector Motor Service v. O'Connor, 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573; Breard v. City of Alexandria, supra; State v. Glasby, 50 Wash. 598, 97 P. 734, 21 L.R.A.,N.S., 797, see, 162 A.L.R. 865. See, also, Sanford Service Co. v. City of Andalusia, 256 Ala. 507, 509, 55 So.2d 856.

In the case of J. E. Raley & Bros. v. Richardson, 264 U.S. 157, 44 S.Ct. 256, 68 L.Ed. 615, the court was considering a statute of Georgia, similar in all material respects to the Alabama statute here applicable There a bill was filed by different classes of complainants. Class A consisted of those whose business as brokers was confined wholly to representing non-resident principals. Complainants who were classed as B were those who in conducting their brokerage business represented state principals as well as out-of-state principals. The opinion of the United States Supreme Court referred to those in Class A as being engaged wholly in interstate commerce and assumed that they were not subject to the tax, —no one contending that they were,—and held that those in the Class B were engaged in intrastate commerce to a certain extent and were subject to the tax, although they also did an interstate business which was not subject to the tax.

Our courts has two later cases on the subject. One is the case of State v. W. M. Meador & Co., 240 Ala. 164, 198 So. 166, reviewing the Court of Appeals, 29 Ala. App. 450, 198 So. 163: the other case is State v. Stein, 240 Ala. 324, 199 So. 13, reviewing the Court of Appeals, 29 Ala.App. 565, 199 So. 11. In the Meador case the alleged taxpayer was admittedly engaged as a merchandise broker in both intrastate business and interstate business. The Court of Appeals very properly held that he was subject to a fixed sum license tax because he was engaged in intrastate as well as interstate business, and observed that if

he was engaged solely in interstate business no license may be exacted. This court on review of that opinion held that the result reached by the Court of Appeals was correct and was supported by the case of J. E. Raley & Bros. v. Richardson, supra, but observed that there are expressions in the opinion which are at variance with the Stein case and are not to be approved.

In the Stein case, supra [240 Ala. 324, 199 So. 14], the following is set out to be the nature of the business:

"Stating generally the effect of the agreed statement of facts, it will be noted that Stein has been engaged in the brokerage business in the city of Mobile since October, 1937, under the firm name or style of 'Stein Brokerage Company, Merchandise Broker.' Stein negotiated contracts with bona fide wholesale grocers, with certain definite principals, all of whom have their place of business without the State of Alabama. Stein represented only such principals as were satisfactory to him, and for his services received a commission based on the sale price of goods purchased, which said commission was remitted at the conclusion of each month for business done during that month by the said Stein in the City of Mobile, Alabama."

This shows that Stein's business was not confined to certain out-of-state principals with whom he had a contract. The court held that the taxpayer was not engaged in interstate commerce and that if he were the license tax upon him was non-discriminatory and, therefore, was not inconsistent with the commerce clause of the Constitution. The opinion relied upon the cases of Graybar Electric Co. v. Curry, 238 Ala. 116, 189 So. 186, and Curry v. Feld, 238 Ala. 255, 190 So. 88. Neither of those cases sustain the reasoning in the opinion of this court in the Stein case. In the Graybar case there were two aspects of the business in which the taxpayer engaged as a retail dealer,—one was that when he received an order for the purchase of goods, which he did not have in stock but did have in a

warehouse which he maintained in another state, he would direct the goods to be shipped to his purchaser in Alabama from his warehouse in the other state. The other aspect was that when he received such an order for the purchase of goods which he did not have in his place in Alabama or in his warehouse in another state, he would order the goods shipped direct to his purchaser from an out-of-state manufacturer. In all such instances the purchaser paid the taxpayer the purchase price and the taxpayer, when he ordered from the manufacturer outside of the state, paid the manufacturer his price. So that, the transaction was in essence a sale by the taxpayer to his purchaser in Alabama, and the fact that the goods were delivered to him in interstate commerce from out of the state did not prevent the sale from being governed by state law. The same legal situation obtained in the Feld case, supra.

It may be that in the Stein case the court reached the correct result in view of the fact that Stein was said to be engaged in the brokerage business in the city of Mobile, and apparently not confined to out-of-state principals, although it is said he represented only certain definite principals outside of the state. It does not show that he did not hold himself out as being willing to represent principals located within the state. In other words, the report of the case does not show that he was not engaged in the general business, as defined in the cases supra, and if so he was subject to a license tax in a lump sum on his brokerage business, although, for the time being, it consisted only of representing out-of-state principals.

■ It is apparent that to be subject to the merchandise broker's license tax, one must be a broker as defined in the Stratford case, supra, and not merely an agent. If he is a broker as there defined, he is liable for the tax unless his business is so limited as only to include representation of out-of-state principals, and therefore not to be an invitation to local dealers as well. For "he might, as he did, confine himself to interstate business, and still be a 'broker,' with-

out becoming liable to the tax." Stratford case, supra, [110 Ala. at page 628, 20 So. at page 129].

It will be observed by referring again to paragraph nine of the bill that it is alleged that appellant was a *"manufacturer's agent"* (not a broker) and that "his entire business consists of soliciting and securing orders from customers in Alabama for the products manufactured by the *out-of-state manufacturers whom complaint represents"*.

■■ The fact he is a manufacturer's agent and that his entire business consists of representing his out-of-state principals is sufficient to show not only that he has heretofore dealt solely with out-of-state principals, but that his business is confined to them as their agent. If it is confined to them, it excludes local dealers to whom he might have extended his business. His allegations also imply that he has a contract with his out-of-state principals. It is with that understanding of the meaning of the allegations of the bill, we think it shows that appellant is not liable to a tax on "merchandise brokers" as set out in the statute. That status might be the subject of further pleading and evidence. Appellant is not a "commission merchant", in that, he is not entrusted with the possession of goods to sell on commission. 12 C.J.S., Brokers, § 2, page 8.

As a result, the judgment of the circuit court should be reversed and one here rendered reinstating the cause in that court, overruling the demurrer to the bill and remanding the cause, with an allowance of thirty days in which to answer the bill.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY AND MERRILL, JJ., concur.