146 So.2d 82

**Bradley BROWN, as Director of Revenue of Jefferson County**

**v.**

**S. E. LUCAS.**

**6 Div. 488.**

Supreme Court of Alabama.

Oct. 25, 1962.

MacDonald Gallion, Atty. Gen., for appellant.

Wm. H. Ellis, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by the Director of Revenue of Jefferson County from a decree of the circuit court, in equity, granting the relief prayed for in a taxpayer's bill of complaint. The taxpayer prayed for a declaration that he was not liable to pay a license tax imposed on merchandise brokers by Title 51, § 493, Code 1940, which, as amended, recites as follows:

"§ 493. Each commission merchant or merchandise broker shall pay one state license of twenty-five ($25.00) dollars and one county license of twelve and 50/100 ($12.50) dollars. Such payment shall be made in the county in which such commission merchant or merchandise broker maintains his principal place of business. Such license shall authorize such commission merchant or merchandise broker to do business in any county of the state without the payment of any further state or county license. The payment of the license in one county of the State as evidenced by the license certificate of the probate judge shall be sufficient." (Act No. 418, 1943 General Acts, page 384)

The averments of the bill of complaint are almost identical with the averments of the bill set out in Leibold v. Brown, 260 Ala. 354, 71 So.2d 7. As we understand the record, the proof supports the allegations of the bill.

The taxpayer here is a merchandise broker within the meaning of the term as used in the statute, as we undertook to show in State v. McKenney, 268 Ala. 165, 105 So.2d 439.

As such broker, taxpayer "represents" seven manufacturers who make picture frames, lamps, mirrors, and bed springs. All seven manufacturers are nonresidents of Alabama. Taxpayer solicits orders from retailers in Alabama. The order is sent by taxpayer to the out-of-state manufacturer who accepts or rejects the order. If the order is accepted, the manufacturer ships directly to the retailer. The retailer sends payment to the manufacturer, and the manufacturer sends a commission to taxpayer. Taxpayer has no authority to bind the manufacturer.

The bill of complaint recites that appellant has issued to taxpayer a notice demanding

payment of the license tax for the years "1958–59, 1957–58, 1956–57." The decree recites that taxpayer is not liable for the years "1956, 1957, 1958, or 1959." No point is made of this difference between bill and decree. We understand that taxpayer was seeking to avoid liability for the tax for three years, from October 1, 1956, to September 30, 1959, and that the court granted the relief prayed for.

Taxpayer insists that he is not liable for the tax because he was, during the years in question, engaged exclusively in interstate commerce and, therefore, under the Leibold case, supra, he is not subject to the tax. The appellant insists that taxpayer is liable for the tax under the holding in State v. Stein, 240 Ala. 324, 199 So. 13.

In the Leibold opinion, many cases are cited and extensive consideration given to the insistence of appellee in that case that the tax levied on merchandise brokers is not discriminatory, is levied on all merchandise brokers who do business within the state, and is not invalid as applied to those who do business in the state and by chance represent exclusively nonresident principals.

This court, as we understand the opinion, held as follows:

"It is apparent that to be subject to the merchandise broker's license tax, one must be a broker as defined in the Stratford case [Stratford v. City Council of Montgomery, 110 Ala. 619, 20 So. 127], supra, and not merely an agent. If he is a broker as there defined, he is liable for the tax unless his business is so limited as only to include representation of out-of-state principals, and therefore not to be an invitation to local dealers as well. For 'he might, as he did, confine himself to interstate business, and still be a "broker," without becoming liable to the tax.' Stratford case, supra, [110 Ala. at page 628, 20 So. at page 129]." (260 Ala. at page 360, 71 So.2d at page 12.)

In the instant case, taxpayer testified that he had been engaged in his present business "About eleven or twelve years"; that it had been "seven or eight years" since he had represented one Alabama principal; that he had never represented any other Alabama principal; and:

"A I am holding myself out as representing out-of-State accounts. That is all I have."

Appellant insists that taxpayer showed that his business was not limited to out-of-state accounts when he testified as follows:

"Q In other words, the commodities you mainly solicit orders for are companies that manufacture something (sic) is not manufactured, generally speaking, in Alabama, as you just said?

"A Well, unfortunately, we don't have manufacturers of those items in the State.

"Q Now, if you did have say a good account offered to you in Alabama of mirrors or pictures or something along that line, there is nothing that would preclude taking it, if it was a good paying account, would it?

"A Mr. Burton, I think I would be very foolish to say I wouldn't consider any line, because we are all open for something if it is a good deal better than what we have.

"Q Yes, sir, that is true. I know I am, and we all are, if we can get a better business or a better account we take it, whether in Alabama or in Illinois?

"A I think we would be very untruthful if we answered otherwise."

Taxpayer's testimony that he holds himself out as representing out-of-state accounts, or what he might do if some attractive offer should be made, is, under general rules of evidence, of doubtful competency. Taking it at face value, however, it does not persuade us that taxpayer is to be regarded as being "engaged in the brokerage business * * * and apparently not confined to out-of-state principals, al-

though it is said he represented only certain definite principals outside of the state."

In the Leibold case, this court said: "It may be that in the Stein case the court reached the correct result in view of the fact that Stein was said to be engaged in the brokerage business * * * and apparently not confined to out-of-state principals, although it is said he represented only certain definite principals outside of the state." 260 Ala. 360, 71 So.2d 11. The Stein case was decided on an agreed statement of facts which is stated in pertinent part as follows:

"Thomas F. Stein, Jr., does business under the name and style of Stein Brokerage Company, and is hereinafter referred to as defendant. The defendant is engaged in business at 57 St. Francis Street, in the City of Mobile, Alabama, a city of over 50,000 population, renting the premises where he does business. The defendant has been engaged in business at the above address since October, 1937. On the front of the above-described premises there appears a sign designating the occupant thereof as 'Stein Brokerage Company, Merchandise Brokers.'" State v. Stein, 29 Ala. App. 565, 566, 199 So. 11.

The instant case was not tried on such a statement of facts. The evidence here is that taxpayer has not represented an Alabama principal within the last seven years, and it does not appear likely that any principal in taxpayer's line of business exists in Alabama. If taxpayer's tax liability is to be determined by what he actually did during the three-year tax period and the situation that actually existed then, we do not think it can reasonably be found from this record that taxpayer was "apparently not confined to out-of-state principals" during the three-year period.

Appellant states in brief:

"While the rationale of Leibold v. State [Brown, 260 Ala. 354], 71 So.2d

7, 12, *does place an importance on whether the broker held himself out to represent Alabama as well as out-of-state manufacturers (even though, for the time being the broker represented, due to circumstances, only out-of-state manufacturers),* the more recent and what now appears to be the controlling and better line of decisions does not place the importance on this proposition.

"The more recent authorities and what are now considered as the leading cases put the emphasis (and actually he did have an Alabama account six or seven years ago) on the fact the 'merchandise broker' is an independent operator and not an agent or employee of the out-of-state manufacturer, and is consequently entirely disassociated from the out-of-state sellers and insofar as his (the broker's) business is concerned, it constitutes primarily a local brokerage business conducted within the State. * * *"

Although the instant taxpayer is not an employee of the nonresident manufacturer and is not an agent who is not a broker, taxpayer is nevertheless an agent of the manufacturer. Every broker is, in a sense, an agent, but every agent is not a broker. Stratford v. City Council of Montgomery, supra.

No useful purpose would be served by repeating the arguments which appear in the authorities cited and considered in the Leibold case. Whatever we might decide if the question were before us for the first time, we are of the view that we should adhere to precedents long since established.

The decree appealed from is in line with those precedents and is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.