464 P.2d 372

Kenneth WISEMAN, dba Kenneth Wiseman; Tommie Townsend, dba Tommie Townsend; Lechuga, Inc., a California corporation, Appellants,

v.

ARIZONA HIGHWAY DEPARTMENT, ex rel. David H. CAMPBELL, Superintendent, Motor Vehicle Division, Appellee.

No. 1 CA–CIV 947.

Court of Appeals of Arizona,
Division 1.

Department B.

Jan. 26, 1970.

Rehearing Denied Feb. 24, 1970.

Review Denied March 31, 1970.

302

Shimmel, Hill & Bishop, by John C. King and Richard E. Norling, Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., by Robert V. Kerrick, Asst. Atty. Gen., Phoenix, for appellee.

HAIRE, Judge.

On this appeal plaintiff (appellants) contend that the defendant, Arizona Highway Department, acting through the superintendent of its Motor Vehicle Division (appellee), has wrongfully refused to allow plaintiffs to register certain motor vehicles under the Arizona proportional registration act, A.R.S. Sections 28-221 and 28-222. Proportional registration of plaintiffs' vehicles under this act would have cost plaintiffs considerably less than the normal fees required for registration and payment of fees for commercial vehicles under the provisions of A.R.S. Sections 28-205, 28-206 and 28-226. Plaintiffs initiated this action by filing a complaint for declaratory relief. Upon stipulated facts, the trial court entered judgment for the defendant Arizona State Highway Department, declaring, in effect, that under the Arizona statutes plaintiffs' vehicles were not entitled to proportional registration.

While the trial court judgment resulted from a motion for summary judgment filed by the defendant, neither party questions the procedural propriety of this disposition nor is there any contention that there remain any unresolved issues as to material facts. All facts deemed material by the plaintiffs were presented to the trial court, leaving only legal questions to be resolved by that court. As indicated above, the trial court resolved the legal questions in favor of the defendant by issuing its declaratory judgment that plaintiffs were not entitled to proportional registration.

Since all three of the plaintiffs were engaged in similar operations, counsel for all the parties agreed that the action was to be decided upon the stipulated facts involving plaintiff Lechuga, Inc. The facts which are pertinent to the disposition of this appeal are as follows:

Lechuga, Inc., submitted to the defendant applications for proportional registration of seventy-five truck vehicles owned by Lechuga. Lechuga leases these trucks without drivers, and the vehicles are then used in the lessee's harvesting operations. During the course of the year, all of these vehicles are used in more than one state, and usually during said period a specific vehicle will operate in Texas, New Mexico, Colorado and California. When a lease to a particular lessee for his harvesting operations is terminated, the vehicle involved is returned to the Lechuga district office within that state. Lechuga then is responsible for the movement of the vehicle to other areas, generally in another state, where the vehicle is then leased to a new lessee. During the time a lease is in effect, the maintenance and service of the equipment is done by Lechuga from its district office in the state where the vehicle is located. Approximately ninety percent of the vehicles leased by Lechuga in Arizona are used by the Arizona lessees solely in Arizona. The other ten percent are used by lessees in Arizona-California border harvesting operations.

The primary contention of defendant was that based upon the stipulated facts plaintiffs' vehicles were excluded from proportional registration by the provisions of A.R.S. Sec. 28-221, subsec. B, par. 3, the pertinent portion of which reads as follows:

"Vehicles which are operated exclusively in this state shall not be included as proportionally registered fleet vehicles *nor shall any vehicle be so included if the sole purpose of its operation in this state is for use in the conduct of intrastate business.*" (Emphasis supplied).

■ Defendant contends that plaintiffs' vehicles are excluded from proportional registration because the sole purpose of plaintiffs' vehicles in Arizona is for use in the conduct of intrastate business. Without question, Lechuga's multi-state vehicle leasing operation constitutes an interstate business. However, this does not necessarily render the above-quoted statutory exclusion inapplicable to plaintiffs' vehicles, since both parties agree that the use of the word "operation" in the above-quoted statute refers to operation of the vehicle itself, and not to the overall business operations of either the lessor or the lessee. Further, plaintiffs in their brief admit that at least ninety percent of their vehicles are used or operated by the Arizona lessees solely in the conduct of intrastate business in Arizona. Since plaintiffs cannot rely upon the interstate nature of their overall business operations, and since it is admitted that these vehicles are used by the lessees solely in the conduct of intrastate business, it would appear that unless there is some other operation or use of these vehicles in Arizona, they clearly would be excluded from proportional registration by the above-quoted statutory provision.

The stipulated facts show no other use or operation of these vehicles in Arizona, except such use or operation as might be implied from the stipulated fact that after termination of a lease, " * * * Lechuga is responsible for the movement of the vehicles to other areas, generally in another state." From plaintiffs' opening brief it is evident that this movement from state to state is the only other use or operation relied upon by plaintiffs. As stated in plaintiffs' opening brief, plaintiffs' argument is that:

" * * * when the vehicles are transported from Arizona to another state or from another state to Arizona by the Lessor they are operating in interstate commerce. Since they are operating in interstate commerce when they are transported in and out of Arizona, the *sole* purpose of their operation is not for use in the conduct of intrastate business." (Emphasis in original).

■ In our opinion the mere transportation or movement of vehicles from this state or from another state to this state incidental to use in Arizona solely in the conduct of the lessees' intrastate business cannot be considered as an additional use which would remove the vehicle from the exclusion set forth in the statute. The first clause of the quoted statutory provision was obviously intended to exclude from proportional registration all vehicles operated exclusively in Arizona. The second part (" * * * nor shall any vehicle be so included if the sole purpose of its operation in this state is for use in the conduct of intrastate business") obviously contemplates the exclusion of additional vehicles even though the additional vehicles are not operated exclusively in Arizona, e. g., vehicles used in several states but operated in Arizona solely in the conduct of intrastate business. Since the legislature contemplated the exclusion of certain vehicles even though used in several states, it would be absurd to interpret the statute in such a manner that the mere operation or movement of these vehicles from one state to another defeated the exclusion. In construing or interpreting a statute the court must give some meaning to all of the language used in the statutes, if this is possible. *See* City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964). Further, the courts will not place an absurd or unreasonable construction on statutes. State v. McFall, 103 Ariz. 234, 439 P.2d 805 (1968). The interpretation urged by plaintiffs would make the second part of the quoted statutory provision absolutely meaningless,

and therefore we decline to adopt such interpretation.

■ Defendant advances a further argument as to why these vehicles are not entitled to proportional registration *by plaintiffs*. Defendant contends that Sec. 53 of the Uniform Vehicle Registration Proration and Reciprocity Agreement[1] precludes the owner-lessor from including in the proportionally registered fleet of the lessor vehicles operated by his lessees. Defendant argues that Sec. 53 requires that the lessee-operator must be deemed the owner of the vehicle for purposes of proportional registration, and that therefore even if we assume a qualifying use or operation by the lessee, only the lessee (and not the plaintiff-lessor) would be entitled to proportionally register the vehicles involved. Neither counsel has cited any decision from other jurisdictions interpreting Sec. 53 of the Uniform Vehicle Registration Proration and Reciprocity Agreement. In the absence of any prior decision which would require the restrictive interpretation urged by defendant, we decline to so interpret Sec. 53. It appears to us that the more logical interpretation is that its purpose was to insure that the benefits of proportional registration would be available to a lessee whose fleet of vehicles otherwise qualifies for proportional registration. Sec. 53 insures that such a lessee would not be faced with the technical objection that the vehicles were *owned* by the lessor and thus not subject to proportional registration by the lessee. For the purposes of the proportional registration of such a fleet by the lessee, Sec. 53 merely provides that the lessee-operator "shall be deemed to be the owner of said vehicle." We do not believe that Sec. 53 was intended to prevent a *lessor* from including in *his* proportionally registered fleet a leased vehicle, provided of course that the ultimate use or operation of such leased vehicle otherwise qualified it for proportional registration. Such an interpretation is consistent with the position of both parties that it is the ultimate use or operation of the vehicle which is important, and not the overall nature of the registrant's particular business operation. In fact, in a different part of defendant's brief, defendant recognizes the validity of this interpretation of Sec. 53.[2] Further, one of the provisions of the proportional registration statute, Sec. 28–221, subsec. G, indicates a legislative recognition that an interim use during the year by one or several different lessees may be considered as a qualified use by the lessor if so desired for purposes of proportional registration.

■ For these reasons we are of the opinion that notwithstanding the provisions of Sec. 53 of the Uniform Vehicle Registration Proration and Reciprocity Agreement, a qualified use or operation by a lessee may be sufficient to entitle the lessor-owner to proportionally register a leased vehicle as a part of the lessor's

---

1. A.R.S. Sec. 28–202 authorizes the Superintendent of the Motor Vehicle Division to enter into agreements with other states relating to proportional registration of motor vehicles for the purpose of facilitating the administration of Sec. 28–221. Sec. 53. of the Uniform Vehicle Registration Proration and Reciprocity Agreement, entered into by the Superintendent pursuant to Sec. 28–202, reads as follows:
    "If a commercial vehicle is operated by a person other than the owner as a part of a fleet which is subject to the provisions of this article, then the operator of such fleet shall be deemed to be the owner of said vehicle for the purposes of this article."

2. On p. 28 of the defendant-appellee's answering brief, defendant states:
    "Contrary to appellants' position that denial of appellants' eligibility would constitute denial of proportional registration to all lessors, many applicants whose sole business is that of leasing vehicles have been found eligible for proportional registration by virtue of the ultimate *use* of their vehicles. Those qualifying are those individuals' vehicles leased for less than thirty days to lessee operations engaged in *interstate* movements." (Emphasis in original).

fleet. However, insofar as concerns the vehicles now being discussed, it makes no difference whether or not we consider the use being made by the lessees in connection with the lessor's application for proportional registration. Because of the ultimate use made of these vehicles, they fall within the exclusion set forth in Sec. 28–221, subsec. B, par. 3, and thus do not qualify for proportional registration.

The foregoing discussion has pertained to the ninety percent of Lechuga's vehicles which are admittedly used by Lechuga's lessees solely in the conduct of the intrastate business. Lechuga contends that even if the trial court was correct as to the above-mentioned ninety percent, the other ten percent of the vehicles are entitled to proportional registration. Lechuga bases this contention upon the claim that these other vehicles are actually used and operated by the lessees in *interstate* commerce. As we have previously stated herein, a qualified use or operation by a lessee may be sufficient to entitle the lessor-owner to proportionally register the leased vehicles as a part of the lessor's fleet. Therefore, the only question here is whether or not there were facts before the trial court to show that the ten percent of the trucks used by Lechuga's lessees in the Arizona-California border area were in fact operated by those lessees in interstate business. As previously stated herein, the only reference in the evidence to these vehicles is the stipulated fact that "approximately ten percent are used by Lechuga, Inc., customers in Arizona-California border harvesting operations." We do not think that the trial court was required to, or could properly have inferred

from this stipulation, that the lessees' use of these vehicles was such as to qualify them for proportional registration as being in interstate commerce, for the vehicles themselves may never leave the state of Arizona, although the lessee may have his operation in both states. In other words, the stipulated facts are not sufficient to show to the court, the actual use of the vehicles involved.

Plaintiffs next argue that the statute as interpreted by this court constitutes a denial of equal protection to plaintiffs, in contravention of the Fourteenth Amendment to the United States Constitution, since "interstate buses and moving vans" are allowed proportional registration. In our opinion classifications based upon a distinction between vehicles operated in interstate commerce and those used solely in the conduct of intrastate businesses are not so unreasonable or arbitrary as to constitute a violation of the equal protection clause. Packer Corp. v. Utah, 285 U.S. 105, 52 S.Ct. 273, 76 L.Ed. 643 (1932); *see also,* Raley & Brothers v. Richardson, 264 U.S. 157, 44 S.Ct. 256, 68 L.Ed. 615 (1924).

The judgment of the trial court is affirmed.

JACOBSON, J., and CHARLES L. HARDY, Superior Court Judge, concur.

NOTE: Judge WILLIAM E. EUBANK, having requested that he be relieved from consideration of this matter, Judge CHARLES L. HARDY was called to sit in his stead and participate in the determination of this decision.